AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JUAN MANUEL REYES REYES, and<br>JANER CASTILLO CUERO<br><br>*Defendant(s)* | Case No.<br>**8:23MJ2427AAS** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 31, 2023__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b) | While aboard a vessel subject to the jurisdiction of the United States, did knowingly and willfully combine, conspire, and agree with each other and with other persons to distribute, and possess with the intent to distribute, five kilograms or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Carlos Irizarry, Special Agent
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: __11/13/2023__

_____
Judge's signature

City and state: __Tampa, FL__

AMANDA SANSONE, US MAGISTRATE JUDGE
Printed name and title

## INTRODUCTION

1.  I have been employed as a Special Agent with the Drug Enforcement Administration ("DEA"), since May of 2003. Prior to this I was employed for three and a half years as a United States Border Patrol Agent in Fabens, Texas. I have participated in and received training with respect to the investigations of organizations and individuals involved in illegal drug trafficking activities, including those involved in the maritime smuggling of shipments of cocaine in the Caribbean Sea and elsewhere.

2.  Based on my training and experience as a Special Agent with the DEA, I have conducted investigations concerning violations of Title 21, United States Code, Sections 959 and 960, which prohibit the production, transportation, importation, distribution and possession of illegal drugs, including cocaine, and violations of Title 46 Appendix, United States Code, Section 70503 (the Maritime Drug Law Enforcement Act), which prohibits drug trafficking on the high seas, including the possession with intent to distribute cocaine on vessels subject to the jurisdiction of the United States. Through these investigations, I have become familiar with the means and methods narcotics traffickers use to transport, import and distribute illicit drugs, as well as the support and assistance that narcotics organizations require to conduct their illegal activities.

3.  Since June of 2014, I have been assigned as a Special Agent to Operation Panama Express Strike Force. Operation Panama Express is a federally approved Organized Crime Drug Enforcement Strike Force ("OCDETF")

investigation being conducted by the DEA, Homeland Security Investigations ("HSI"), the Federal Bureau of Investigation ("FBI") and the United States Coast Guard ("USCG"). Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate drug smuggling organizations that are responsible for the transportation of contraband through international waters of the Caribbean Sea and Eastern Pacific Ocean (via vessel) to transshipment locations for later introduction and distribution to the United States.

4. This affidavit is submitted in support of a criminal complaint charging **Juan Manuel Reyes Reyes** (an Ecuadorian national) and **Janer Castillo Cuero** (a Colombian national) with: Conspiracy to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, with the Southern District of Florida being the place at which the above individuals will first enter the United States, in violation of Title 46, United States Code, Sections 70503(a)(1), 70506(a) and 70506(b).

5. The information contained in this affidavit is based in part or obtained from a review of investigative reports completed by law enforcement, conversations with law enforcement officers, and from my personal observations, my training and experience, and my involvement in the investigation to date. This affidavit does not set forth every fact resulting from the investigation; rather, it sets forth facts sufficient to establish probable cause to believe that the above offense has been committed and

**Reyes** and **Castillo** committed it. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related only in substance and in part, and are not intended to be verbatim recitations. When a date is listed, I mean that the event occurred "on or about" that date. When a time period is listed, I mean that the event occurred "in or around" that time period.

## PROBABLE CAUSE

### Background of the Investigation

6. The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

7. On or about October 31, 2023, USCGC[1] ESCANABA ("ESCANABA") was on routine patrol in the Eastern Pacific Ocean, approximately 160 nautical miles west of Esmeraldas, Ecuador in international waters.

8. During its patrol, ESCANABA encountered GFV NEIMARI[2], a twin engine go-fast vessel, ("NEIMARI"). ESCANABA deployed a helicopter and a small boat to investigate suspected illicit maritime activity. The helicopter spotted packages of suspected narcotics on the deck of NEIMARI.

---

[1] United States Coast Guard Cutter ("USCGC") ESCANABA (WMEC-907) is a *Famous*-class cutter based in Portsmouth, Virginia.
[2] A go-fast vessel ("GFV") is a small fast power boat designed with a long narrow platform and a planning hull, and a preferred vessel for smugglers.

3

9. A maritime patrol aircraft provided visual surveillance of NEIMARI and recorded the vessel occupants jettisoning items overboard from the vessel in an effort to conceal or destroy evidence.

10. NEIMARI was boarded by a law enforcement team pursuant to a right of visit under international maritime law. Following proper boarding procedures, the law enforcement team identified two crewmen: (1) **Juan Manuel Reyes Reyes** (citizen of Ecuador) and **Janer Castillo Cuero** (citizen of Colombia). Both **Reyes and Castillo** claimed to be vessel master and **Reyes** claimed the vessel flew under the flag of Ecuador. USCG contacted the government of Ecuador who could not confirm or deny the vessel's nationality. Therefore, NEIMARI was treated as a vessel without nationality and subject to the laws of the United States under the Maritime Drug Law Enforcement Act.

11. The law enforcement team that boarded NEIMARI located the suspected packages of narcotics. The packages recovered from the jettison field and the NEIMARI tested positive for cocaine and weighed approximately 388 kilograms.

12. Due to worsening weather, **Reyes** and **Castillo** were detained and transferred to ESCANABA. NEIMARI was destroyed and sunk due to it being a navigational hazard and no suitable ports or tow points to salvage it.

13. Based on the foregoing, I submit there is probable cause to believe that **Reyes** and **Castillo** knowingly and willfully conspired to distribute more than five kilograms of cocaine onboard a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1), 70506(a).

*(signature)*
Carlos Irizarry
Special Agent
Drug Enforcement Administration

Sworn to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 and 4(d)(3) via telephone on this 13th day of November 2023.

*(signature)*
AMANDA A. SANSONE
United States Magistrate Judge

5